UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDE D. BOLING,

    Plaintiff,

v.                                                       Case No. 06-CV-10099

OAKLAND COUNTY JAIL, MICHAEL J.      Honorable Patrick J. Duggan
BOUCHARD, AND OFFICER SPIKER,

    Defendants.
    _____/

## OPINION AND ORDER
## OF SUMMARY DISMISSAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 8, 2006.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On January 6, 2006, Plaintiff, a *pro se* prisoner at the Oakland County Jail in Pontiac, Michigan, filed this action pursuant to 42 U.S.C. § 1983 against Defendants. Plaintiff alleges that the conditions at the Oakland County Jail violate his Eighth Amendment right to be free from cruel and unusual punishment. The Court has reviewed Plaintiff's Complaint and now dismisses it without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act of 1996 ("PLRA") requires a prisoner to exhaust all internal administrative remedies prior to filing a civil rights lawsuit challenging prison

conditions. 42 U.S.C. § 1997e(a). The Sixth Circuit requires inmates to attach to their complaints evidence establishing their exhaustion of administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). A prisoner's failure to demonstrate exhaustion of internal remedies is grounds for automatic dismissal. *Id.* Dismissal without prejudice is required even if the time for filing the required administrative grievance has expired. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997).

In this case, Plaintiff has failed to exhaust the internal administrative remedies of the Oakland County Jail prior to filing suit. The Oakland County Jail does, in fact, have a grievance procedure for inmates who wish to complain about conditions at the Oakland County Jail. *See, e.g.*, *Spencer v. Bouchard*, 2005 WL 2234576, *3-4 (E.D. Mich. Sep. 14, 2005) (plaintiff filed numerous grievances alleging overcrowding and unconstitutional conditions at the Oakland County Jail). Plaintiff does not contend that there was no grievance procedure, rather, he claims that he could not file any grievances with respect to his various claims because the jail staff would not provide him with the grievance forms. However, the fact that jail staff refused to provide Plaintiff with grievance forms does not excuse the exhaustion requirement because Plaintiff has not alleged that there was no other source for him to obtain a grievance form or that he attempted to file a grievance without using a form. *See Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001) (finding dismissal without prejudice was proper where plaintiff admitted that no grievance had been filed because his counselor did not give him a grievance form and plaintiff failed to allege "that there was no other source for obtaining a grievance form or that he made any other attempt to obtain a form or to file a grievance without a form").

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:

Claude Boling, #323814
Oakland County Jail
1201 N. Telegraph
Pontiac, MI 48341