UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDE D. BOLING,

       Plaintiff,

v.                                                          Case No. 06-CV-10099

OAKLAND COUNTY JAIL, MICHAEL J.        Honorable Patrick J. Duggan
BOUCHARD, AND OFFICER SPIKER,

       Defendants.

_____/

**<u>OPINION AND ORDER</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 30, 2006.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

On January 6, 2006, Plaintiff, a *pro se* prisoner at the Oakland County Jail in

Pontiac, Michigan, filed a 42 U.S.C. § 1983 action against Defendants, alleging that the

conditions at the Oakland County Jail violated his Eighth Amendment right to be free

from cruel and unusual punishment.  On March 8, 2006, the Court entered an Order

dismissing Plaintiff's Complaint for failure to exhaust administrative remedies pursuant

to 42 U.S.C. § 1997e(a).   Presently before the Court is Plaintiff's Motion for

Reconsideration, filed on March 20, 2006.

Motions for reconsideration are governed by Eastern District of Michigan Local

Rule 7.1(g)(3) which provides:

> (3)   Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case.  *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002).  A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain.  *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Plaintiff has not alleged any "palpable defect by which the court and the parties have been misled."  E.D. MICH. L.R. 7.1(g)(3).

First, Plaintiff contends that the Oakland County Jail had no administrative remedies for Plaintiff's claim.  However, as this Court noted in its Opinion and Order of March 8, 2006, the Oakland County Jail does, in fact, have a grievance procedure for inmates who wish to complain about conditions at the Oakland County Jail.  *See, e.g.*, *Spencer v. Bouchard*, 2005 WL 2234576, *3-4 (E.D. Mich. Sep. 14, 2005) (plaintiff filed numerous grievances alleging overcrowding and unconstitutional conditions at the Oakland County Jail).

Second, Plaintiff contends that the Prison Litigation Reform Act of 1996 ("PLRA") does not require a prisoner who is asserting that his Eighth Amendment constitutional

rights were violated to exhaust administrative remedies, citing *Warren v. Westchester County Jail*, 106 F. Supp. 2d 559 (S.D.N.Y. 2000).  However, in *Warren*, the district court found, based on case law in the Second Circuit, that an Eighth Amendment claim for **excessive force** was not a suit concerning "prison conditions," and therefore, was not subject to the mandatory exhaustion requirement of the PLRA.  *Id.* at 564-65; *but see Black v. Tarver*, 21 Fed.Appx. 285, 286-87 (6th Cir. 2001) (finding that the PLRA's exhaustion requirement applies to all Eighth Amendment claims).  In this case, Plaintiff was clearly claiming that the conditions at the Oakland County Jail violated his Eighth Amendment constitutional rights.  Moreover, in *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983 (2002), the U.S. Supreme Court held: "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.* at 532, 122 S. Ct. at 992.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Claude Boling, #323814
Oakland County Jail
1201 N. Telegraph
Pontiac, MI 48341